﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/20 Archive Date: 09/30/20

DOCKET NO. 191130-46820
DATE: September 30, 2020

ORDER

New and relevant evidence has not been received to readjudicate the claim of entitlement to service connection for back condition.

New and relevant evidence has not been received to readjudicate the claim of entitlement for service connection for right knee arthritis.

FINDINGS OF FACT

1. There has been no evidence received between receipt of the Veteran's Decision Review Request: Supplemental Claim (VA Form 20-0995) in July 2019 for service connection for back condition and the Department of Veterans Affairs (VA) Regional Office (RO) October 2019 rating decision.

2. There has been no evidence received between receipt of the Veteran's Decision Review Request: Supplemental Claim (VA Form 20-0995) in July 2019 for service connection for right knee arthritis and the VA RO October 2019 rating decision. 

CONCLUSIONS OF LAW

1. New and relevant evidence has not been received, and readjudication of the claim of entitlement to service connection for back disability is not required. 38 U.S.C. § 5108; 38 C.F.R. § 3.156 (d). 

2. New and relevant evidence has not been received, and readjudication of the claim of entitlement to service connection for right knee arthritis is not required. 38 U.S.C. § 5108; 38 C.F.R. § 3.156 (d). 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from February 1976 to March 1977. 

The Board notes that the rating decision on appeal is from October 2019 and is subject to the Appeals Modernization Act (AMA). 84 Fed. Reg. 138, 169 (Jan. 18, 2019); 38 C.F.R. § 19.2.

In a February 2019 rating decision, the RO denied the Veteran’s claim for service connection for back condition and right knee arthritis along with other impairments. 

In July 2019, the Veteran filed Decision Review Request: Supplemental Claim (VA Form 20-0995). 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156(d), 3.2501. If new and relevant evidence, as defined in 38 C.F.R. § 3.2501(a)(1), is presented or secured with respect to the supplemental claim, the agency of original jurisdiction will readjudicate the claim taking into consideration all of the evidence of record.

In October 2019, the RO found that the Veteran did not submit new and relevant evidence. In a November 2019 Decision Review Request: Board Appeal (Notice of Disagreement) (VA Form 10182), the Veteran timely appealed that decision to the Board and requested direct review of the evidence considered by the RO. 38 C.F.R. § 20.202.

New and relevant evidence has not been received sufficient to readjudicate the claims of entitlement to service connection for back condition and right knee arthritis.

The VA will readjudicate a claim if new and relevant evidence is presented or secured. 38 C.F.R. §§ 3.156 (d), 3.2501(a)(1). New evidence means existing evidence not previously submitted to agency decisionmakers. 38 C.F.R. § 3.2501(a)(1). "Relevant evidence" is evidence that tends to prove or disprove a matter in issue. Id. 

For the following reasons, readjudication of the claims of service connection for back condition and right knee arthritis are not warranted.

The evidence in the record at the time the Veteran submitted his Decision Review Request: Supplemental Claim (VA Form 20-0995) included service treatment records, service personnel records, and private treatment records from May 2016 to June 2018.

There has been no evidence received between receipt of the Veteran's Decision Review Request: Supplemental Claim (VA Form 20-0995) in July 2019 for service connection for back condition and right knee arthritis and the RO's October 2019 rating decision. In July 2019, the Veteran stated that the VA already had his medical records. This statement does not identify new and relevant evidence. Therefore, the Board finds that there is no new and relevant evidence and readjudication of the claims of service connection for back disability and right knee arthritis is not warranted.

In reaching this decision the Board considered the doctrine of reasonable doubt, however, as the preponderance of the evidence is against the Veteran’s claim, the doctrine is not for application. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

 

M. C. GRAHAM

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Sowden, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.